IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 3:04-cr-00167 |
| ) | |
| KELLY A. WEBSTER ) | Judge Wiseman |
| ) | |

**ORDER**

Defendant Kelly A. Webster has filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence in accordance with the Fair Sentencing Act of 2010 ("FSA"). (ECF No. 49.) In response thereto, the United States has filed a motion to hold the defendant's motion in abeyance. (ECF No. 51.)

In support of its motion, the United States points out that the government has petitioned for *en banc* review of the recent Sixth Circuit decision upon which the defendant's § 3582 motion is premised, *United States v. Blewett*, --- F.3d ---, 2013 WL 2121945 (6th Cir. May 17, 2013). *See United States v. Blewett*, No. 12-5226/12-5582, Petition for En Banc Review, Document 006111708324 (6th Cir. May 31, 2013). The *Blewett* majority held that the FSA should apply retroactively to sentences imposed before its effective date, because "the federal judicial perpetuation of the racially discriminatory mandatory minimum crack sentences for those defendants sentenced under the old crack sentencing law . . . would violate the Equal Protection Clause, as incorporated into the Fifth Amendment by the doctrine of *Bolling v. Sharpe*, 374 U.S. 497 (1954)." *Blewett*, 2013 WL 2121945, at *1.

The United States posits that the prospect for *en banc* consideration of *Blewett* appears strong, in light of the fact that it was a divided decision, entered without oral argument, and that it conflicts with other circuit precedent, specifically *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. April 5, 2013) (per curiam) (holding that "the FSA is not retroactive to defendants . . . whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date"), and *United States v. Williams*, 962 F.2d 1218, 1227 (6th Cir. 1992) (holding that "the one to one hundred ratio of crack to cocaine does not violate Equal Protection Standards"). The United States argues that because

the *Blewett* decision may be vacated or altered by an *en banc* panel, it would be appropriate to hold this matter in abeyance pending further action by the Sixth Circuit.

The Court agrees and hereby **GRANTS** the United States' motion to hold Webster's motion in abeyance (ECF No. 51), pending, initially, a ruling by the Sixth Circuit on whether to grant the *en banc* petition in *Blewett*. The United States **MUST** promptly notify the Court of the Sixth Circuit's decision whether to grant *en banc* rehearing.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior United States District Judge